# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

MACHNE MENACHEM, INC.

Debtor

CASE NO. 3:07-CV-00057

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Machne Menachem, Inc.'s ("Debtor") Renewed Emergency Motion for Stay Pending Appeal (Doc. 10-1). Debtor seeks a stay of the order of the United States Bankruptcy Judge John J. Thomas confirming Yaakov Spritzer's Modified Second Amended Plan.

Rule 8005 of the Federal Rules of Bankruptcy Procedure permits a party to seek a stay pending appeal of an order of the bankruptcy court. *See* FED. R. BANKR. P. 8005. The bankruptcy court may grant such a stay when the party seeking the stay can show that: (1) it has a likelihood of success on the merits of the appeal; (2) it will be subject to irreparable harm if the stay is not granted; (3) the granting of the stay will not substantially harm other interested parties; and (4) the granting of the stay would serve the public interest. *See In re Edwards*, 228 B.R. 573, 575 (E.D. Pa. 1999). The decision of whether to grant or deny a stay pending an appeal is committed to the sound discretion of the bankruptcy court. *In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993). "Discretion will be found to have been abused when the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Id.*

After analyzing these factors, the Court concludes that Judge Thomas did not abuse his discretion in denying Debtor's motion for a stay pending appeal.  First, as to the likelihood of success on the merits of Debtor's appeal, the Court observes that the standard of review to be employed in determining the merits of a bankruptcy appeal is an extremely deferential one – only if Judge Thomas' confirmation order constitutes an abuse of discretion will Debtor's appeal be successful. *In re Top Grade Sausage, Inc.*, 227 F.3d 123, 125 (3d Cir. 2000) (a district court hearing an appeal of a bankruptcy court order reviews the bankruptcy court's "legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof").  And only if the Court holds that Judge Thomas abused his discretion in concluding that he did not abuse his discretion in entering his confirmation order will Debtor's motion for a stay be granted.

The Court is of the opinion that Judge Thomas did not abuse his discretion in concluding that Debtor had failed to show that Judge Thomas' confirmation order constituted an abuse of his discretion.  In his confirmation opinion and order, Judge Thomas acknowledged the two adversary proceedings against Spritzer that were pending and found the Modified Second Amended Plan to satisfactorily address Debtor's concerns related to these two outstanding claims.  While Debtor argues that the plan confirmed by Judge Thomas will release Spritzer from other claims Debtor may have against him, Debtor has failed, after a period of several years, to file an action against Spritzer on any of these additional claims.  Debtor also failed to file an objection to the release provision when Judge Thomas was determining whether or not to confirm the plan.  Moreover, Debtor has failed to bring any case law to the Court's attention which holds that a release provision, such as the one in the Modified Second Amended Plan,

constitutes an abuse of discretion or violates the Bankruptcy Code's good faith provision contained in 11 U.S.C. § 1129(a)(3).  As such, the Court is of the opinion that Judge Thomas' confirmation order was not arbitrary, fanciful or unreasonable.

Second, it does not appear that Debtor will suffer irreparable harm if the stay is not granted.  If successful on appeal, the provision releasing Spritzer from any liability he may owe to Debtor will be voided and any claims Debtor may have against Spritzer will be restored.  While Debtor argues that it will be irreparably harmed if Spritzer encumbers or disposes of certain real estate, Debtor has failed to explain how this property, rather than other assets or property owned by Spritzer, is so unique that it alone can satisfy their claims, which have yet to be pursued after several years.  Consequently, the Court agrees with Judge Thomas and does not find that Debtor would suffer irreparable harm if a stay is not granted.

Third, the Court finds that Judge Thomas reasonably concluded that, if a stay were entered, there would be some injury to other interested parties.  Fourth, the Court is of the opinion that Judge Thomas acted well within his discretion in finding that the public interest was not relevant to the instant motion.

Consequently, the Court concludes that Judge Thomas did not abuse his discretion in denying Debtor's motion for a stay pending appeal.

Therefore, **IT IS HEREBY ORDERED** that Machne Menachem, Inc.'s Renewed Emergency Motion for Stay Pending Appeal (Doc. 10-1) is **DENIED**.

| | |
|---|---|
| January 18, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |